**Hector VARGAS, Plaintiff–Appellant,**

v.

**LOCAL UNION NO. 32B–32J, 2727 Realty, LLC, Defendants–Appellees.**

**No. 06–5176–cv.**

United States Court of Appeals, Second Circuit.

Oct. 24, 2007.

Morris Markowitz, Brooklyn, NY, for Appellant.

Andrew L. Strom, SEIU Local 32B–32J, New York, NY, for Appellee Local Union No. 32B–32J.

Robert A. Sparer, Clifton Budd & DeMaria, LLP, New York, NY, for Appellee 2727 Realty, LLC.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

### SUMMARY ORDER

Appellant appeals the district court's grant of summary judgment dismissing his complaint that alleged a hybrid claim under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's order granting summary judgment *de novo*, and ask whether the court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (internal quotations marks omitted).

The district court, in a well-reasoned decision, properly granted the Defendants' motion for summary judgment, as Vargas had not made a showing that Local 32BJ breached its duty of fair representation. *See Vargas v. SEIU Local Union No. 325–32J*, No. 05–9992, 2006 WL 3019565 (S.D.N.Y. Oct.23, 2006). Even assuming Vargas did not waive the arguments he raises now for the first time, he has produced no evidence which, if accepted by a trier of fact, would demonstrate that the union acted arbitrarily or in bad faith, or in a discriminatory fashion. *See Spellacy v. Airline Pilots Ass'n–Int'l*, 156 F.3d 120, 126 (2d Cir.1998) ("A union breaches its duty of fair representation if its actions can fairly be characterized as ... wholly arbitrary, discriminatory, or in bad faith." (internal quotations and alterations omitted)).

Accordingly, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**